UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

SUSAN HERBERT et al.,

        Plaintiffs,

v.

BARACK OBAMA, et al.,

        Defendants.

Case No. 11cv1869 (SRN/SER)

**REPORT AND RECOMMENDATION**

---

        This matter is before the undersigned United States Magistrate Judge on the application of Plaintiff Susan Herbert for leave to proceed *in forma pauperis*, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket Nos. 4 and 5.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

        An IFP application will be denied, and the action will be dismissed, when the plaintiff has filed a complaint that fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (*per curiam*).

        To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory. *See Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view *pro se* pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). "While

legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).

In this case, it appears that Plaintiffs are attempting to sue the President of the United States, Barack Obama, and numerous other federal employees. Plaintiffs' complaint does not allege any specific facts that could support an actionable claim for relief against any of the Defendants under any conceivable legal theory. Indeed, Plaintiffs' pleading is wholly incomprehensible.

A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiffs' current complaint does not meet this standard. The complaint is plainly inadequate, because it does not present a clear, comprehendible and credible description of any specific acts or omissions by any of the named Defendants. Plaintiffs have not presented an intelligible description of any specific historical events, showing what the named Defendants allegedly did (or failed to do) that has caused them to be sued. Furthermore, Plaintiffs have not described any plausible legal basis for their lawsuit, nor have they identified any past or impending injury that might be redressable by a court order or judgment. Thus, the Court finds that Plaintiffs' complaint fails to state any cause of action on which relief can be granted.

Because Plaintiffs have failed to plead an actionable claim for relief, the Court will recommend that Plaintiffs' IFP application be denied, and that this action be summarily dismissed,

pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiffs' application to proceed *in forma pauperis*, (Docket Nos. 4 and 5), be **DENIED**;

and

2. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: August 24, 2011

*s/Steven E. Rau*
STEVEN E. RAU
United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **September 7, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.